Richardson, Ch. J.,
delivered the opinion of the court:
This is a claim for property of the claimant’s testator taken and used by the armies of the United States in the State of Mississippi in the year 1863. It was referred to the court by *16 the Committee on War Claims of the House of Representatives, February 16, 1887.
The defendants move to dismiss “ for the reason that the court has not jurisdiction thereof.” They rely upon the last paragraph of section 3 of the Act of March 3,1883 (22 Stat. L., 485), the Bowman Act, under which the claim is referred to the court, in connection with a subsequent statute and the claimant’s acts thereunder. That paragraph is as follows :
“Nor shall the said court have jurisdiction of any claim against the United States which is now barred by virtue of the provisions of any law of the United States.”
On the part of the defendants it is insisted that the claim is barred by the facts which appear from the claimant’s petition. The same claim, by special Act of Congress, August 7, 1882 (22 Stat. L., 734), was referred to the Quartermaster-General with directions to examine and adjust the same, and to report the facts to Congress to be considered with other claims reported by him; that he performed the duty as directed and reported the facts; that Congress on the 5th of July, 1884, passed an act (22 Stat., 552) of which the following are the parts material in this case:
Chap. 237. An act for the allowance of certain claims reported by tlie accounting officers of the United States Treasury Department, and for . other purposes.
“Be it enacted, That the Secretary of the Treasury be, and he is hereby, authorized and required to pay, out of any money in the Treasury, not otherwise appropriated, to the several persons in this act named, the several sums mentioned herein, the same being in full for, jind the receipt of the same to be taken and accepted in each case as a full and final discharge of, the several claims examined and allowed by the proper accounting officers under the provisions of the act of July fourth, eighteen hundred and sixty-four, since January sixth, eighteen hundred and eighty-three, namely”:
[Then follow grants of money to numerous persons in different States, in point of fact, although not so specified, on “ claims examined and allowed by the proper accounting officers under the provisions of .the act of July 4, 1864.”]
“Mississippi. — To Julia A. Nutt, widow and executrix of Haller Nutt, deceased, of Adams County, the sum of thirty-five thousand five hundred and fifty-six dollars and seventeen cents ($35,556.17”).
*17 The claimant was paid the amount of this appropriation but gave no receipt for the same.
It is not necessary to determine whether or not the appropriation and payment would be a bar at common law in an action on the merits, because the case is not before us under the general jurisdiction of the court to hear and determine and to enter judgment upon our findings.
The case comes here under the Bowman Act, which requires the court to find the facts in all cases within the jurisdiction conferred by the act and to report the same to Congress, leaving the law for the determination of the legislative department of the Government. Whether or not the court has jurisdiction is a question to be decided before we can proceed to find the facts.
That act excludes from our jurisdiction not all claims barred by virtue of the provisions of any law of the United States, but of all claims “now” barred. Now means at the ¡present time. The act was passed March 3, 1883, and the language speaks from that date, excluding the court from jurisdiction to find the facts in all cases of claims which were barred by any law on March 3,1883. As to claims to which the defendants set up a bar under subsequent acts, the court must find the facts, including the facts relied upon as such bar, and Congress is to determine the force and effect to be given thereto.
The statute under which the defendants seek to oust the court of jurisdiction was passed July, 1884, more than a year after the passage of the Bowman Act, and so is not within the bar of that act.
The motion is overruled, and the court will proceed to hear the case on the facts, to be reported to Congress.